LEONARD SAVAGE, *Respondent*, *v.* JOSEPH STONE, *Appellant.*

EFFECT OF A SALE UNDER A POWER CONTAINED IN MORTGAGE.—A sold B certain premises, for which B promised *verbally* to pay $3,000. To secure this sum B executed and delivered to A a mortgage on said premises, containing a power to sell at public auction. The premises were sold by A, and $700 realized thereby.

HELD, In an action for the balance of $2,300, due on the original verbal contract, that the sale did not extinguish the debt, and is no bar to an action on the verbal contract.

HELD FURTHER, That the contract was not merged in the mortgage, but existed independently of it, and parol evidence was admissible to prove the terms thereof.

APPEAL from the District Court of Carson County (now in Nevada).

The facts are stated in the opinion of the Court.

KINNEY, C. J., delivered the following opinion:

This is an action to recover $2,300, balance alleged to be due upon a verbal contract for the sale of a certain mining claim. Plea general issue, and also setting up special matter by way of defense, and among other things that the Defendant, Stone, in consideration of the sale of said mining ground to him, made, executed and delivered to the Plaintiff a mortgage upon said mining ground.

The instrument is then set out in the answer. It contains the following provision:

" This conveyance is intended as a mortgage to secure the payment of three thousand dollars, within forty-five days from the date of this indenture, without intent from the said party of the first part to said party of the second part, and these presents shall be void if said payment be made. But in case default shall be made in said payment as above provided, then the party of the second part is hereby empowered to sell the above described premises, or any part thereof, at public auction, in thirty days after due and proper notice, and out of the money arising from said sale to retain the said sum of three thousand dollars, with the costs and charges of making said sale, and the overplus, if any there be, shall be paid by the said party making the said sale, on demand of the party of the first part, or his assigns."

Defendant Stone then denies that said mortgage had been sued upon, denies all indebtedness, denies that there was any promise to pay said sum of three thousand dollars, other than that secured and provided for in the mortgage. Judgment was rendered for Savage for twenty-three hundred dollars, and Stone brings the case to this Court upon error, and relies upon the ruling of the Court as contained in a bill of exceptions, for a reversal of the judgment.

By the bill of exceptions it appears that the cause came on for trial before the Court on the complaint and answer, and that it was admitted that a sale had taken place under the power contained in the mortgage, and seven hundred dollars realized. Plaintiff then called a witness, who testified that Defendant agreed to pay three thousand dollars for the claim mentioned in the complaint, and went into possession under these terms. This testimony was objected to because it was *oral*, and referred to a contract or transaction contained in the mortgage, and because there was evidence of indebtedness (if any there was) in the mortgage, which objection was overruled and the witness allowed to testify.

Two questions are presented by this bill of exceptions for the decision of this Court:

*First*—Had the Plaintiff a right to resort to his action against the Defendant for the balance of $3,000, after proceeding to sell the mortgaged property? and,

*Second*—Could parol evidence be introduced in support of the original indebtedness or contract which existed entirely in parol, or was such contract merged in the mortgage?

As the first question is one of great importance, and the decisions upon it somewhat conflicting, we regret that we are compelled to establish a rule without the aid of a single text book, and with the assistance of but few adjudicated cases. We are free to confess in deciding this question we are governed by the authorities from New York, and as these are not contradicted by any books before us, we cheerfully yield any previous opinion we may have entertained upon this subject. In the well considered case of Spencer *v.* Hartford, 4 Wend. 381, the Court says the effect of a foreclosure of a mortgage given to secure a bond-debt has been fully considered by Mr. Justin Story, in Hatch *v.* White, 2 Gallison 152, who comes to the conclusion that in all the cases there is no difference of opinion among the learned jurists whose decisions had been considered, that at law a foreclosure of the mortgage is no bar to an action on the attendant bond.

In the case of the Globe Ins. Co. *v.* Lansing, 5 Cowen 380, the question was whether a foreclosure of a mortgage and a sale under it operated as an extinguishment of the debt, and it was there held that it was an extinguishment no further than to the amount produced by such sale.

In the case of Lansing *v.* Goelet, 9 Cowen 346, 403, the question was presented on demurrer whether a foreclosure of the mortgaged premises without a sale operated as a cancellation of the debt, and it was held it did not, without an averment that the mortgaged premises were of sufficient value to pay the debt. There seems to be this distinction in the law, that if the mortgagee prefers a simple foreclosure of the mortgaged premises, he

should account for them to the mortgager to the amount
of the debt; but if he sells the mortgaged premises, and
they produce less than the amount of the debt, the bal-
ance may be recovered on the bond, and if more than the
debt is produced from the sale, the balance belongs to
the mortgager. See also Jackson *v*. Hull, 10 John, 481.
Dunkley *v* Van Beuren, 3 John Chy. R. 331, in which
the Chancellor expressly says that after foreclosure, suit
may be brought on the bond for the deficiency. And in
the case of Jones *v*. Cindy, 5 Ib. 77, the Court decides
that the mortgagee has two remedies, one *in rem* and the
other *in personam*, and that both may be pursued at the
same time.

From these authorities it follows that the Plaintiff
below did not exhaust his remedy by the sale of the
mortgaged premises, and that he had a right to sue for
the balance remaining due after deducting the sum real-
ized by the sale.

But it is said that the Court erred in allowing the
witness to testify in relation to the verbal contract, as
the contract was merged in the mortgage. We do not
think so. The mortgage did not extinguish the contract,
nor was it merged. The contract existed independently
of the mortgage, and was just as valid and binding in
parol as if it had been in writing.

The mortgage was dependent upon the contract, not
the contract upon the mortgage. One was an obligation
to pay, the other mere security for payment. According
to the decision in 6 John Chy. R., the mortgagee could
institute suit upon both at the same time, one at law,
the other in chancery; one *in personam*, the other *in rem*.
But this could not be the case, if the contract merged in
the mortgage.

The mortgage in the case before us recites the terms
of the contract, recognizing its binding force and validity,
and expressly states that it is given to secure the pay-
ment of three thousand dollars, in forty-five days from
that date. What three thousand dollars? we might ask.
Certainly none other than the three thousand dollars

about which the witness testified Stone was to pay Savage for the mining claim. Since parol testimony cannot be introduced to vary a written instrument, neither can it be introduced to prove the antecedent conversations between the parties in making a contract, when it is in evidence that the contract was reduced to writing. But this case does not fall within either of these well established rules of law. The *contract was not reduced to writing,* the mortgage being the security *for* the *contract,* and not the contract itself, and the Court decided correctly in allowing the witness to give evidence of the parol contract.

Judgment affirmed.

NOTE.—The names of the Attorneys for the respective parties do not appear in the record.—*Reporter.*